**UNITED STATES of America, Plaintiff,**

v.

**Diego MEDINA, Mario Esteves, Sara Martinez Castro, all d/b/a Alpha 66 Organizacion Revolucionaria Cubana ("Alpha 66") and La Voz de Alpha 66, Defendant.**

No. 89-1065-CIV.

United States District Court, S.D. Florida, Miami Division.

July 19, 1989.

Surell Brady and Terry M. Henry, U.S. Dept. of Justice, Washington, D.C., for plaintiff (Lawrence R. Clance, F.C.C., Washington, D.C., of counsel.)

MEMORANDUM OPINION

SPELLMAN, District Judge.

ORDER GRANTING PLAINTIFF'S
MOTION FOR A PRELIMINARY
INJUNCTION

THIS CAUSE comes before the Court upon Plaintiff's, UNITED STATES OF AMERICA, Motion for Preliminary Injunction, filed with this Court on May 23, 1989. For the reasons set forth below, it is the opinion of this Court that a Preliminary Injunction should issue.

*Procedural History*

Plaintiff, THE UNITED STATES OF AMERICA, on behalf of the Federal Communications Commission ("FCC")[1], insti-

---

1. Congress created the FCC, an independent federal regulatory agency, to regulate interstate and foreign radio communications pursuant to the Communications Act of 1934, 47 U.S.C.A.

tuted the above-styled cause against Defendants, MEDINA, ESTEVES, MARTINEZ, ALPHA 66 ORGANIZACION REVOLUCIONARIA CUBANA, and LA VOZ DE ALPHA 66, on May 23, 1989. Subsequent thereto, Plaintiff moved, pursuant to 47 U.S.C.A. Section 401(a), 28 U.S.C.A. Section 1331 and 1345, for the entry of a Preliminary Injunction, enjoining Defendants from transmitting radio broadcasts within the United States without a license. By Order dated June 20, 1989, this Court directed Defendants to show good cause why a Preliminary Injunction should not issue. To date, Defendants have failed to comply with the Court's Show Cause Order. Upon review of this matter, it is the opinion of this Court that a Preliminary Injunction should issue.[2]

## Facts

In November 1988, the FCC's monitoring network detected broadcasts being transmitted on frequency 6666.6 kHz, from a land location in the South Florida area.[3] Frequency 6666.6 kHz is reserved for aeronautical enroute communications, however, the broadcasts in question were unrelated to aeronautical communication.[4] In an at-

Section 151 *et seq.* A primary responsibility of the FCC is to ensure that persons do not transmit radio signals within U.S. territorial boundaries without an FCC license. *See* 47 U.S.C.A. 301. Another responsibility is to monitor and enforce both national and international radio regulations. *See* 47 U.S.C.A. Sections 152(a), 154, 154(g)(1), 154(i), and 303(r).

2. Pursuant to Local Rule 10(C), this Court is empowered to grant Plaintiff's Motion for a Preliminary Injunction by default. Local Rule 10 provides in pertinent part:

Each party opposing a motion shall serve and file an opposing memorandum of law not later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so may be deemed sufficient cause for granting the motion by default.

Although empowered to grant this motion by default, it is the opinion of this Court that a Preliminary Injunction is warranted on the merits.

3. As the transmissions appeared to be unlicensed, and were being unlawfully broadcast on

tempt to intercept the source of these transmissions, the FCC continuously monitored this frequency for several months. Based upon its investigation, the FCC discovered that these broadcasts were being made by several individuals, operating under the name "La Voz de Alpha 66."[5] The FCC has continued to monitor frequency 6666.6 kHz and has found that said broadcasts are continuing.

## Discussion

■ Radio broadcasting is governed by the Communications Act of 1934, as amended, 47 U.S.C.A. Sections 151–613 ("the Act"), and FCC regulations promulgated thereunder. Section 401(a) of the Act empowers district courts to enjoin violations of the Act. That sections provides:

The district courts of the United States shall have jurisdiction, upon application of the Attorney General of the United States at the request of the Commission, alleging a failure to comply with or a violation of any of the provisions of this chapter by any person, to issue a writ of writs of mandamus commanding such person to comply with the provisions of this chapter.

a frequency reserved for aircraft communications, an effort was mounted by the FCC's Miami Field Office to track the source of the signal.

4. Frequency 666.6 kHz, the frequency utilized by Defendants, is allocated to Aviation Radio Services by FCC Rule Section 2.106, 47 C.F.R. Section 2.106. FCC Rule Section 87.261 designates the band of frequencies containing 6666.6 kHz to aeronautical enroute stations. Aeronautical enroute stations are used for communications concerning the safe, efficient, and economical operation of aircraft along domestic or international air routes and include communications such as fuel readings and weather and position reports. 47 C.F.R. Section 87.261.

5. Specifically, the FCC's investigation revealed that the broadcasts at issue were being transmitted from a white ford van, bearing license plate number FJV 69Y. Said license plate is registered in the name of Diego Medina, 2760 S.W.2d Street, Miami, Fl. The broadcasters, which included Diego Medina, Mario Esteves, Sara Martinez Castro, and Juan Benebelis, identified themselves as "La Voz de Alpha 66."

47 U.S.C. Section 401(a).[6]

■ The standard for a grant of injunctive relief under Section 401(a) differs from the traditional four-part test. Traditionally, to receive injunctive relief, the moving party must demonstrate (1) likelihood of success on the merits, (2) threat of immediate irreparable harm, (3) that the balance of hardships and the public interest are in his favor. *See Cunningham v. Adams,* 808 F.2d 815, 819 (11th Cir.1987). But "the function of a court in deciding whether to issue an injunction authorized by a statute of the United States to enforce and implement Congressional policy is a different one from that of the Court when weighing claims of two private litigants." *United States v. Diapulse Corp.* 457 F.2d 25, 27 (2d Cir.1972). Where, as here, the statute was enacted to protect the public interest and itself authorizes injunctive relief, "[t]he passage of the statute is in a sense, an implied finding that violations will harm the public and ought, if necessary, be restrained." *Id.* at 28.

Thus, when seeking an injunction under Section 401(a), the government need not demonstrate irreparable harm. *Illinois Bell Telephone Co. v. Illinois Commerce Comm'n,* 740 F.2d 566, 571 (7th Cir.1984): *See McIntire,* 365 F.Supp. at 623. Nor need the Court, under such a statute, balance the interests of the parties. *See United States v. City and County of San Francisco,* 310 U.S. 16, 30–31, 60 S.Ct. 749, 756–57, 84 L.Ed. 1050 (1940); *Environmental Defense Fund, Inc. v. Lamphier,* 714 F.2d 331, 337–338 (4th Cir.1983); *United States v. D'Annolfo,* 474 F.Supp. 220, 222 (D.Mass.1979). Rather, the requirements for injunctive relief are met "when the government establishes that defendants have violated the statute and the exists 'some cognizable danger of recurrent violation'" *United States v. Sene X Eleemosynary Corp.,* 479 F.Supp. 970, 981 (S.D.Fla.1979) (*quoting United States v.*

*W.T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953)); *see also Diapulse,* 457 F.2d at 28–29.

■ The requirements for injunctive relief are met in the instant case. 47 U.S.C.A. Section 301 prohibits the transmission of communications or signals by radio from within the territorial boundaries of the United States without obtaining a license from the FCC. Defendants, through their unlicensed radio transmissions, have violated 47 U.S.C.A. Section 301. Furthermore, there is a substantial danger that Defendants will continue to violate this provision in the future unless restrained by judicial order. Based upon Defendants' flagrant and continuing violation of the Communications Act, Plaintiff's request for injunctive relief shall be GRANTED pursuant to section 401(a) of the Act, 47 U.S.C.A. Section 401(a), and Federal Rule of Civil Procedure 65.

Upon review of this matter, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Preliminary Injunction is GRANTED. Accordingly, Defendants, and all persons in active concert or participation with them, are hereby ENJOINED:

(a) From making radio transmissions within the United States unless and until they first obtain a license from the Federal Communications Commission ("FCC") or other appropriate authorization in accordance with the Act; and

(b) From doing any act, whether direct or indirect, to cause unlicensed radio transmissions or to enable such radio transmissions to occur.

DONE AND ORDERED.

---

**6.** Although the statute refers to a "writ of mandamus," which usually means an order compelling a federal officer to perform a duty, both the context in which the phrase appears and the courts' application of Section 401(a) make clear that the statute authorizes injunctive relief against anyone violating the Act or regulations. *See, e.g., Ambassador, Inc., v. United States,* 325 U.S. 317, 325, 65 S.Ct. 1151, 1155, 89 L.Ed. 1637 (1945); *United States v. McIntire,* 365 F.Supp. 618, 623 (D.N.J.1973).