632 A.2d 526

STATE OF NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL PROTECTION, PLAINTIFF–RESPONDENT, v. INTERSTATE RECYCLING, INC. AND TRI–STATE PAPER COMPANY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 16, 1993—Decided July 28, 1993.

Before Judges KING, BRODY and LANDAU.

*William J. Wolf* argued the cause for appellants (*Bathgate, Wegener, Dugan & Wolf,* attorneys; *Mr. Wolf,* on the brief).

*Ronald P. Heksch,* Chief Deputy Attorney General, argued the cause for respondent (*Mary C. Jacobson, Sr.,* Deputy Attorney General, of counsel; and *Masha D. Rosman,* Deputy Attorney General, on the brief).

PER CURIAM.

In September, 1990, the New Jersey Department of Environmental Protection, now known as the Department of Environmental Protection and Energy (DEPE), instituted a suit in the Chancery Division which sought recovery of statutory penalties and an injunctive order requiring defendant Interstate Recycling, Inc. (Interstate) to cease operating an unlicensed solid waste facility in violation of the Solid Waste Management Act, *N.J.S.A.* 13:1E–1 to –48. Declaratory relief was also sought. The suit followed the issuance of a number of notices of violation [1] by DEPE inspectors over a seven-month period, each directing immediate correction, but evidently ignored by Interstate in the hopes that their ongoing efforts in various quarters would alter DEPE policy or interpretation.

On October 3, 1990, following hearings, an order was entered by Judge Kentz which concluded that Interstate had violated the Solid Waste Management Act and regulations promulgated thereunder, by operating an unlicensed solid waste facility and by failing to file or receive necessary approvals of the disclosure statement required by *N.J.S.A.* 13:1E–128.

The order entered accordingly enjoined operation of the unlicensed facility without a permit, *N.J.S.A.* 13:1E–5(a), and without prior approval of a disclosure statement.[2] A one week extension

---

[1] The notices of violation (NOV's) for operating a solid waste facility without a permit were based upon inspections which satisfied DEPE that Interstate maintained a "materials recovery facility", as defined in *N.J.A.C.* 7:26–1.4.

[2] By implication, the injunction would be inapplicable upon Interstate's acquisition of necessary permits and disclosure statement approval.

of effective date was included to allow for disposal of solid waste still on the site.

The order, then interlocutory because of the open penalty issue, was not challenged until September 13, 1991, when Interstate moved unsuccessfully in the Chancery Division to have the injunction vacated. The penalty phase of DEPE's suit was tried in October 1991, and led to a final judgment dated December 19, 1991 in which a lump sum penalty of $175,000 was imposed upon Interstate. At the same time, on the Court's own motion which followed information presented during the ten days of hearings, Tri–State Paper Company (Tri–State), owned by the same persons who owned Interstate and operated on the Interstate premises, was named a defendant and made subject to the final judgment for the purpose of ordering it to apply to the Union County Utilities Authority for inclusion in the Union County Solid Waste Management Plan as a recycling facility.

Interstate and Tri–State appealed from the final judgment, although the issues relate to the decretal paragraphs affecting Interstate. A subsequent motion to remand was denied, as were motions to file an amended notice of appeal to include subsequent proceedings in the Chancery Division and to supplement the record.

On appeal, Interstate's arguments track generally those made before the two trial judges during the injunction and penalty proceedings, essentially that:

(1) its operations should not have been enjoined because no environmental harm or degradation occurred and the order enjoining operations should be lifted; (2) plaintiff, New Jersey Department of Environmental Protection and Energy ("DEPE"), was estopped from imposing an injunction and recovering civil penalties; (3) factual circumstances did not warrant the imposition of civil penalties pursuant to *N.J.S.A.* 13:1E–9; (4) the maximum amount of the fine could not exceed $25,000; (5) the DEPE should not have been awarded a fine because it obtained compliance; (6) in the absence of regulations no fine could be imposed; (7) Interstate had the right to challenge the DEPE without fear of incurring daily penalties; and (8) applicable statutes and regulations did not make Interstate's facility illegal.

We have considered carefully these arguments, in light of the record, briefs and oral arguments, and are satisfied that they are clearly without merit, *R.* 2:11–3(e)(1)(E), and that the injunctive order and final judgment should be affirmed substantially for the reasons set forth in Judge Boyle's oral opinion of December 19, 1991, and Judge Kentz's oral opinion of October 3, 1990, which included important credibility assessments and were supported by an adequate record.

We add that our review of the record accords with the trial judges' appraisal that DEPE did no more than to enforce reasonably the legislative policy embodied in the statutes it is charged with administering. DEPE acted with measured restraint in this instance, until it became clear that Interstate not only believed it should be allowed to operate as though it were an essentially unregulated recycling center, but insisted on continuing unlicensed and unapproved operation of a materials recovery facility, which also displayed some aspects of a transfer station. This operation continued even after repeated notices of violation and clarifications that it was not a recycling center. As Judge Boyle held, although there was no actual environmental damage established, Interstate's method of proceeding constituted more than a mere technical violation.

In support of authority cited by the trial judges, we also note: *United States v. Production Plated Plastics, Inc.,* 762 *F.Supp.* 722, 724–25, 729 (W.D.Mich.1991), *aff'd o.b.,* 955 *F.*2d 45 (6th Cir.1992), *cert. den.,* —— *U.S.* ——, 113 *S.Ct.* 67, 121 *L.Ed.*2d 34 (1992); *Environmental Defense Fund, Inc. v. Lamphier,* 714 *F.*2d 331, 337–38 (4th Cir.1983); *United States v. Medina,* 718 *F.Supp.* 928 (S.D.Fla.1989).

We have no hesitancy in endorsing the Court's reliance upon *N.J.S.A.* 13:1E–9(d) and *Hoffman v. Garden State Farms, Inc.,* 76 *N.J.Super.* 189, 184 *A.*2d 4 (Ch. Div.1962), as applicable where a state agency charged with environmental enforcement seeks to enjoin repeated violations of the police power statute. *See also, State v. Chemical Co. of America,* 90 *N.J.Eq.* 425, 426, 107 *A.* 164

(Ch.1919); *State ex rel. Board of Health v. Diamond Mills Paper Co.*, 63 *N.J.Eq.* 111, 118, 51 *A.* 1019 (Ch.), *aff'd*, 64 *N.J.Eq.* 793, 53 *A.* 1125 (E. & A. 1902); *State v. Wheeler*, 44 *N.J.L.* 88, 90 (Sup.Ct.1882). In such cases, use of the equitable injunctive power may also be deemed in aid of equity's historic role in granting bills of peace to avoid repetitive litigation. *See*, Pomeroy, *Equity Jurisprudence*, Sec. 243–245 (5th Ed.1941).

Further, as to the adoption of *N.J.A.C.* 7:26A–3.1 effective November 18, 1991, we note that the actions heretofore taken by Interstate do not satisfy the less stringent approval requirement now established by *N.J.A.C.* 7:26A–3.1(b) and for approval of recycling facilities which accept Class B materials. *N.J.A.C.* 7:26A–3.2. Thus, even today, certain DEPE approval must be sought.

We also agree with Judge Boyle that retention of the "per day" language in *N.J.S.A.* 13:1E–9(f) since the 1987 amendments, disposes of Interstate's argument that no more than a single $25,000 penalty is statutorily authorized.

Affirmed.